JUSTICE COTTER
concurs.
¶51 I concur in the ultimate result reached by the Court, but I disagree with the Court’s analysis of the issue of the dismissed juror and the denial of further deliberations on punitive damages.
¶52 At ¶ 42, the Court correctly notes that Winslow had no opportunity to object to the dismissal of the juror because he did not learn of it until after it had occurred. The Court, however, declines to conclude that the District Court erred by dismissing the juror sua sponte, because Winslow failed to specify on appeal that such action was error. So, the Court calls the court’s dismissal of the juror ‘troubling,” and leaves it at that. I do not share the Court’s reluctance to address whether error occurred, as I think an important component of our job is to identify error when we see it, so that the same error might be avoided in the future.
¶53 I would conclude that, in dismissing the juror without the advance consent of the parties, the District Court erred. By doing so, the court handed the party with the most to lose4n this case, MRL-a fait accompli. With the juror already excused and gone, all MRL had to do to escape consideration of the punitive damages conundrum was refuse to agree to a jury of eleven, which it did. This was both unfair to Winslow and inconsonant with the intent of §3-15-106, MCA, which contemplates both approval of the court and agreement of the parties before a jury of fewer than twelve may proceed. I would hold that it is error for a district court to excuse a juror while questions remain as to the meaning and intent of a jury verdict, without first giving the parties a meaningful opportunity to consent or object.
¶54 However, though I believe the District Court erred, I would nonetheless conclude that we can give Winslow no affirmative relief on appeal because Winslow does not seek or appear willing to accept a complete retrial on both liability and punitive damages. Winslow makes it clear that he wants to retain the benefits of the compensatory verdict (albeit unreduced for comparative fault), with remand for trial on punitive damages only. The statutes allowing for an award of punitive damages do not contemplate such relief.
¶55 Section 27-1-220(1), MCA, provides, in pertinent part, that “a *275 judge or jury may award, in addition to compensatory damages, punitive damages for the sake of example and for the purpose of punishing a defendant.” (Emphasis added.) In addition, §27-1-221(6), MCA, provides that liability for punitive damages must be determined by the trier of fáct. Thus, a fact-finder cannot assess punitive damages until it has first decided to give compensatory damages, and has decided that the proof supporting those damages also justifies, by clear and convincing evidence, an award of punitive damages. A punitive case cannot be heard in a vacuum, nor can one fact-finder assess compensatory damages and then leave to a wholly different fact-finder the question of whether the plaintiffs proof from the first case entitles him to punitive damages. The case cannot be split. Because Winslow has chosen to retain the benefits of the compensatory award-a logical decision in light of the difficulty of the case-I would conclude we cannot remand for trial on punitive damages alone. Therefore, I concur in the result reached by the Court.
JUSTICE NELSON joins in the concurrence of JUSTICE COTTER.